[No. 18764.    Department Two.    March 20, 1925.]

ELIZABETH FORKER, *Appellant*, v. FIDELITY SAVINGS & LOAN ASSOCIATION, *Respondent.*[1]

PRINCIPAL AND AGENT (36½)—AUTHORITY—NEGOTIABLE INSTRUMENTS—POWER TO SELL AT DISCOUNT—EVIDENCE—SUFFICIENCY. An agent had power to sell a mortgage at less than the face value of the mortgage notes, where the same were delivered to him with a power of attorney specifically describing the mortgage and empowering him to transfer and assign the mortgage and accept pay therefor and to do all things necessary to effectuate such purpose.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered December 3, 1923, upon findings in favor of the defendant, dismissing an action to set aside a sale made by an agent, tried to the court.    Affirmed.

*R. L. Campbell*, for appellant.

*McWilliams, Luby, Pearson & Orr*, for respondent.

MITCHELL, J.—On the trial of this case, findings of fact and conclusions of law were entered, and from a judgment thereon dismissing the action, the plaintiff has appealed.

No exception was taken to any finding, hence the contention that the findings do not support the conclusions and judgment. For the purposes of appeal the findings are, in effect, as follows: Appellant, a resident of Alaska, owned a mortgage of record on real property in Spokane county and thirty-three promissory notes of $200 each, payable one each year, with interest at six per cent per annum, for the payment of which the mortgage was given to secure. On December 6, 1919, she executed and delivered a duly acknowledged

[1]Reported in 234 Pac. 21.

power of attorney to one H. J. Hibschman of Spokane containing the following grant of power:

"As my true and lawful attorney in fact, for me and in my stead, to do any and all things necessary to effectuate the purposes hereinafter set forth, authorizing him to sign, execute, acknowledge and deliver in my name all documents necessary to such purposes, to-wit:—

"To collect the mortgage hereinafter described and the notes and indebtedness secured thereby, peaceable and without litigation if possible, but by suit or action if necessary, with full power to execute and deliver receipts, releases or any other instruments required to carry out the purposes herein specified.

"To sell, transfer and assign said mortgage, to accept payment for such sale or transfer and to execute, acknowledge and deliver any assignments or other instruments required to effectuate such sale or transfer."

The mortgage was described in the power of attorney, which was duly recorded. On December 26, 1919, Hibschman, acting as her agent under the power of attorney, and having possession of the mortgage and notes delivered to him by her, sold, endorsed and delivered the thirty-three notes and assigned and delivered the mortgage to the respondent for the sum of $5,513.75, which was paid to him by the respondent. In purchasing the notes and mortgage the respondent acted in good faith. Hibschman thereafter (date not given) transmitted $1,250 to the appellant, which she received, believing it to be for past due notes and interest. Hibschman did not account to her or pay any part of the balance received by him, but falsely represented to her that he had not succeeded in selling or collecting the notes and mortgage, though trying to do so, and that she had no knowledge of the sale made by him until shortly before this suit was commenced.

The argument on behalf of the appellant is that the sale by the agent of the notes and mortgage at less than their face value was beyond the scope of his authority and therefore void, and that by reason thereof the respondent acquired no title to them. Reliance is had on a line of authorities such as *Coleman v. Seattle National Bank*, 109 Wash. 80, 186 Pac. 275, 12 A. L. R. 108, which was a case that arose out of the endorsement of a check by an agent whose authority was ''to transact any and all business for said company.'' In the opinion it was said:

''It takes something more than such general language to create such an agency. This because of the peculiar nature of negotiable paper and the rights and liabilities arising from its issuance.''

In the present case, however, the authority was express and specific. She delivered the notes and mortgage into the possession of her agent and granted him power to sell, transfer and assign the mortgage, to accept pay for such sale or transfer, and in her name to do any and all things necessary to effectuate the purpose authorizing him to sign, execute, acknowledge and deliver in her name all documents necessary. The power of attorney she gave described the mortgage given to secure the notes, and no question is raised here that they were the same mortgage and notes the sale of which is referred to in this suit.

The power of attorney did not prescribe either price or terms upon which a sale should be made, wherefore he had authority to sell for cash at the price received by him from the respondent. *Galbraith v. Weber*, 58 Wash. 132, 107 Pac. 1050, 28 L. R. A. (N. S.) 341; 2 C. J. (Agency) 597; note, L. R. A. 1917E 791-3.

Judgment affirmed.

MAIN, FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.